UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

CHARLES WAITE,

Plaintiff,

v.

CELEBRITY CRUISES INC.,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHARLES WAITE, a resident and citizen of the United Kingdom, hereby sues Defendant, CELEBRITY CRUISES INC., a Liberian corporation with its principal place of business in Florida, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff CHARLES WAITE is *sui juris* and is a resident and citizen of England, United Kingdom.

3. Defendant CELEBRITY CRUISES INC. ("Defendant" or "CELEBRITY") is a Liberian corporation with its principal place of business in Miami-Dade County, Florida. Defendant CELEBRITY is both a citizen of Liberia and a citizen of Florida for purposes of determining subject matter jurisdiction over this action.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

4. This court has subject matter jurisdiction in admiralty pursuant to 28 U.S.C. § 1333, because the events alleged below occurred on navigable waters and arose out of a traditional maritime activity, the commercial operation of a passenger cruise vessel.

5. At all material times, Defendant CELEBRITY has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, CELEBRITY has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, CELEBRITY requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because CELEBRITY's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

10. At all material times, Defendant CELEBRITY was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "EDGE."

11. At all material times, Defendant CELEBRITY operated, managed, maintained and was in exclusive control of the EDGE.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

12. At all material times, including the injury date of January 17, 2023, the Plaintiff was a fare paying passenger aboard the EDGE, on a voyage which departed from Fort Lauderdale, Florida, and in that capacity was lawfully present aboard the vessel.

13. On the morning of January 17, 2023, at approximately 9:00 am, the Plaintiff was walking on Deck 14 of the "EDGE" through a door separating the Solarium area from the exterior pool area, when he slipped and fell due to a wet, slippery, and/or transitory substance on the exterior floor surface of the deck. As a result of his fall, Plaintiff sustained serious injuries, including a ruptured right quadriceps tendon. After Plaintiff fell, he noticed there was a puddle of standing water on the floor. The size of the puddle was several feet in diameter. Plaintiff was watching where he was going, but could not see the wet, slippery condition of the floor before he slipped and fell because he had just walked through the doorway toward the pool area outside and the puddle of water did not contrast with and blended into the deck surface.

14. At all material times a dangerous condition existed on the floor referenced in Paragraph 13 above, to-wit: a wet, slippery, transitory, and/or foreign substance, including the puddle of standing water referenced in the preceding paragraph, on the floor of the Deck 14 of the "EDGE." The condition was not open and obvious to reasonable passengers, including Plaintiff, because the liquid did not contrast with and blended into the deck surface, and was located immediately beyond where the door opened.

15. At all material times, Defendant CELEBRITY had actual and/or constructive notice of the wet, slippery substance on the floor surface of Deck 14 on the EDGE before the time of Plaintiff's fall because the condition was present for a sufficient period of time for CELEBRITY to take corrective measures. Specifically, CELEBRITY knew or should have known of the dangerous condition prior to Plaintiff's fall because crewmembers had just recently opened up the


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

pool area that morning. The large size of the puddle, which spanned several feet in diameter and apparently overwhelmed the drain system, had no apparent source other than a heavy rainstorm which occurred overnight, and built up over the course of some hours.

16. Additional evidence that CELEBRITY had actual or constructive notice of the dangerous condition described in Paragraph 14 exists in the form of corrective actions taken by CELEBRITY crewmembers after the subject incident. Shortly after Plaintiff slipped and fell, CELEBRITY crewmembers cordoned off the door separating the Solarium area from the exterior pool area, and placed a wet floor sign in the same location where Plaintiff sustained his injuries. At least two CELEBRITY crewmembers or maintenance personnel were seen working on the drainage system located in the immediate area, and other crewmembers were directing traffic towards alternative routes, preventing passengers from traversing the doorway.

17. As a direct and proximate result of the fall described in Paragraph 13, the Plaintiff was injured in and about his body and extremities, including but not limited to a ruptured right quadriceps tendon, and suffered pain and suffering therefrom, including mental anguish, disfigurement, disability, aggravation or acceleration of preexisting conditions, and the inability to lead a normal life. Furthermore, he sustained loss of earnings and a loss of earning capacity in the past and future and incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries. Future medical and health care expenses are reasonably certain to occur. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

**COUNT I – NEGLIGENT MAINTENANCE**

18. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

19. At all material times, Defendant CELEBRITY owed Plaintiff, as a fare paying passenger, a duty of reasonable care for his safety, including a duty to maintain its vessel, including the floor surface on Deck 14 of the EDGE where Plaintiff slipped and fell, in a reasonably safe condition.

20. On January 17, 2023, Plaintiff was walking on Deck 14 as described in Paragraph 13 above when he slipped on a wet, slippery, transitory, and/or foreign substance on the floor.

21. At all material times, a dangerous condition existed on the floor as described in Paragraph 14 above.

22. At all material times, Defendant CELEBRITY had actual and/or constructive notice of the dangerous condition for the reasons set forth in Paragraphs 13 through 16 above.

23. On January 17, 2023, Defendant CELEBRITY breached its duty to Plaintiff by failing to take reasonable safety measures to maintain the floor where Plaintiff slipped and fell in a reasonably safe condition and was thereby negligent, in one or more of the following ways:

a. Failing to maintain the floor surface of the deck where Plaintiff slipped and fell in a reasonably safe condition so as to prevent slip and fall hazards;

b. Failing to use non-skid strips, slip resistant paint, or mats to prevent slip and falls from occurring;

c. Failing to inspect the floor surface where Plaintiff slipped and fell to ensure adequate slip resistance;

d. Failing to use a floor surface in the area where Plaintiff slipped and fell that would provide adequate slip resistance to prevent slip and falls from occurring;

e. Failing to prevent wet, slippery, transitory, and/or foreign substances from accumulating on the floor surface where Plaintiff slipped and fell;


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

f. Failing to inspect, clean, and/or maintain the floor surface of Deck 14 where Plaintiff slipped, in a dry and/or clean condition;

g. Failing to conduct frequent, timely, or adequate inspections of Deck 14 where Plaintiff slipped and fell to identify or detect potential slip and fall hazards such as the wet, slippery, transitory, or foreign substance on the floor;

h. Failing to adequately train its crewmembers to maintain the floor surface in the area where Plaintiff slipped and fell, and adjacent areas, free of slip and fall hazards;

i. Negligently allowing wet, slippery, transient, and/or foreign substances to accumulate on the floor surface of Deck 14 where Plaintiff slipped and fell.

24. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 17 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CELEBRITY for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

**COUNT II - NEGLIGENT FAILURE TO CORRECT**
**(Direct Liability)**

25. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

26. At all material times, Defendant CELEBRITY owed Plaintiff, as a fare paying passenger, a duty of reasonable care for his safety, including a duty to correct dangerous conditions of which it knew or should have known about in the exercise of reasonable care.

27. On January 17, 2023, Plaintiff was walking on Deck 14 as described in Paragraph 13 above when he slipped on a wet, slippery, transitory, and/or foreign substance on the floor.

28. At all material times, a dangerous condition existed on the floor as described in Paragraph 14 above.

29. At all material times, Defendant CELEBRITY had actual and/or constructive notice of the dangerous condition for the reasons described in Paragraphs 13 through 16 above.

30. On January 17, 2023, Defendant CELEBRITY breached its duty of reasonable care to correct dangerous conditions owed to Plaintiff and was thereby negligent in one or more of the following ways:

a. Failing to correct the condition of the floor surface in the area where Plaintiff slipped and fell so as to prevent slip and fall hazards;

b. Failing to inspect, clean, and dry the surface of the area of Deck 14 where Plaintiff slipped and fell;

c. Failing to remove, cordon off or otherwise ameliorate the hazard posed by the wet, slippery, transitory, or foreign substance that accumulated on the floor on Deck 14 where Plaintiff slipped and fell.

31. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 17 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CELEBRITY for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

**COUNT III - NEGLIGENT FAILURE TO WARN**
**(Direct Liability)**


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

32. Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 17 above and further alleges the following matters.

33. At all material times, Defendant CELEBRITY owed the Plaintiff, as a fare paying passenger, a duty to warn passengers of hazards of which it knew or should have known in the exercise of reasonable care its passengers may reasonably be expected to encounter on the vessel.

34. On January 17, 2023, Plaintiff was walking on Deck 14 of the EDGE as described in Paragraph 13 above when he slipped on a wet, slippery, transitory, and/or foreign substance on the floor. Plaintiff was watching where he was going, and could not see the wet, slippery condition of the floor before he slipped and fell.

35. At all material times, a dangerous condition existed on the floor, which was not open and obvious to reasonable passengers, including Plaintiff, as described in Paragraph 14 above.

36. At all material times, Defendant CELEBRITY had actual and/or constructive notice of the dangerous condition for the reasons set forth in Paragraphs 13 through 16 above.

37. On January 17, 2023, Defendant CELEBRITY breached its duty to Plaintiff by failing to warn of the dangerous condition of the floor surface prior to the subject incident, in the area Plaintiff slipped and fell, and was thereby negligent, in one or more of the following ways:

a. Failing to warn of the wet, slippery, transitory, and/or foreign substance on the floor through written or orally delivered warnings;

b. Failing to cordon off the floor surface in the area where Plaintiff slipped and fell pending its cleaning and/or drying to prevent slip and falls from occurring;

c. Failing to place appropriate signage, markings, and/or placement of cones near the wet, slippery, transitory, and/or foreign substance on the floor.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

38. As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 17 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CELEBRITY for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed February 15, 2024.

Respectfully submitted,

***/s/Philip M. Gerson***

PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
BRANDON P. VOLK
Florida Bar No. 1019012
bvolk@gslawusa.com
STEPHEN MATHENY
Florida Bar No. 1049813
smatheny@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*