UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 24-20602-CIV-MARTINEZ**

CHARLES WAITE,

Plaintiff,

v.

CELEBRITY CRUISES, INC.,

Defendant.
______________________________________/

**ORDER GRANTING MOTION TO DISMISS**

**THIS CAUSE** is before this Court on Defendant's Motion to Dismiss for *Forum non Conveniens* (the "Motion"). (ECF No. 11.) This Court has considered the Motion, Plaintiff's Response, (ECF No. 16), Defendant's Reply, (ECF No. 17), and is otherwise fully advised of the premises. After careful consideration, this Court **GRANTS** the Motion for the reasons stated herein.

Plaintiff filed suit against Defendant for negligence due to injuries he allegedly sustained while aboard a sailing to the Southern Caribbean on the *Celebrity Edge*. (ECF No. 11.) The Ticket Contract between Plaintiff and Celebrity contains a forum selection clause that requires all suits for personal injuries arising out of the subject cruise to be litigated only in the Courts of England and Wales under English law. (*Id.*) Plaintiff acknowledges that the forum selection clause in the ticket contract is applicable in this case. (ECF No. 16.)

"[A] motion to dismiss for *forum non conveniens* is the appropriate means to enforce, in federal litigation, a valid forum-selection clause calling for litigation of disputes in a non-federal forum." *Stiles v. Bankers Healthcare Grp., Inc.*, 637 F. App'x 556, 559 (11th Cir. 2016). In ruling

on the enforceability of a forum selection clause under *forum non conveniens* the Court may consider facts outside of the complaint. *Prakash Nayak v. Star Clippers, Ltd. Corp.*, No. 12-23768-CIV, 2014 U.S. Dist. LEXIS 50564, at *9 (S.D. Fla. Mar. 11, 2014).

Forum selection clauses are presumptively valid, and the burden of proving their unreasonableness is a heavy one. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). Although the Court takes the facts of the complaint as true, it does so "only to the extent they are uncontroverted by defendant's affidavits." *Estate of Myhra v. Royal Caribbean Cruises*, Ltd., 695 F.3d 1233, 1239 (11th Cir. 2012) (internal quotations and citations omitted). Where there is a forum selection clause, the court applies a modified *forum non conveniens* analysis where the plaintiff's choice of forum bears no weight, the court must deem the private interest factors to weigh entirely in favor of the selected forum, and the court may only consider the public factors. *Prakash*, at *11.

Here, Plaintiff does not dispute the presence of the forum selection clause, its applicability, or its validity. Accordingly, Defendant's Motion. (ECF No. 11), is **GRANTED**. The Complaint is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 3 day of July, 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record